UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ENRICO PAVAO, | No. 2:20-cv-01693-CKD P |
|---|---|
| Plaintiff, | |
| v. | <u>ORDER</u> |
| UNKNOWN, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**I.     Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

At all times relevant to the allegations in the complaint, plaintiff was in custody at the Sacramento County Jail, although it is not clear to the court if he was a pretrial detainee or a convicted inmate. Plaintiff alleges that between October 10-21, 2019, unknown officers 1 through 10 of the Sacramento County Sheriff's Department denied him medical treatment for symptoms of syphilis and gonorrhea that he was experiencing. After plaintiff informed

2

defendants that he was filing an inmate grievance against them, they threatened to beat him up and transfer him to more restrictive housing.  Plaintiff's complaint also alleges that he was housed in unsanitary conditions and was not provided soap, showers, or clean clothes and blankets while at the Sacramento County Jail.  However, the complaint does not specify how long these conditions persisted.  By way of relief, plaintiff seeks a declaratory judgment as well as compensatory and punitive damages.

### III.     Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his complaint.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).  A prison transfer may also constitute an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

Conditions of confinement claims raised by pretrial detainees are analyzed under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment.[1]  Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998). Nevertheless, comparable standards apply, with Fourteenth Amendment analysis borrowing from

---

[1] As it is not clear whether plaintiff was a pretrial detainee or whether he had already been convicted during the timeframe alleged in the complaint, the court will provide him with the legal standards governing both situations.

3

Eighth Amendment standards. Frost, 152 F.3d at 1128. "Jail officials have a duty to ensure that detainees are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Shorter v. Baca, 895 F.3d 1176, 1185 (9th Cir. 2018). To prevail on a substantive due process claim, plaintiff must establish that the restrictions imposed by his confinement constituted punishment as opposed to being incident to legitimate governmental purposes. Bell, 441 U.S. at 538. If a particular jail condition is reasonably related to a legitimate government objective, it does not amount to punishment absent a showing of an express intent to punish. Id. at 538–39.

If plaintiff was a convicted prisoner during the timeframe of the allegations in the complaint, then the Eighth Amendment applies to any claim involving the conditions of his confinement. In order for a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test. Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The first prong is an objective prong, which requires that the deprivation be "sufficiently serious." Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834). In order to be sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal civilized measure of life's necessities." Lemire, 726 F.3d at 1074. The objective prong is not satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d at 732 ("[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing"). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d at 731.

The second prong focuses on the subjective intent of the prison official. Peralta, 774 F.3d at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The deliberate indifference standard requires a showing that the prison official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner. Id. (citing Farmer, 511 U.S. at 842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991). Mere negligence on the part of the prison official is not sufficient to establish liability. Farmer, 511 U.S. at 835.

**IV.     Analysis**

After conducting the required screening, the court finds that plaintiff may proceed on the Eighth Amendment deliberate indifference claim against unknown officers 1 through 10 of the Sacramento County Sheriff's Department for denying plaintiff medical treatment for syphilis and gonorrhea between October 10, 2019 and October 21, 2019. However, the court finds that plaintiff has failed to state a retaliation claim against any defendant because he has not identified any adverse action taken by defendants based on plaintiff's decision to file an inmate grievance. Plaintiff only alleges that defendants threatened to beat and transfer him to a more restrictive location for filing an inmate grievance against them. He does not clarify whether any such action was actually taken. Plaintiff may elect to proceed immediately on the Eighth Amendment claim against defendants; or, in the alternative, plaintiff may elect to amend his complaint to attempt to cure the deficiencies with respect to the remaining claims. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff chooses to proceed on the deliberate indifference claim found cognizable in this screening order, the court will construe this as a request to voluntarily dismiss the additional claims pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C.

1  § 1983 unless there is some affirmative link or connection between a defendant's actions and the
2  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory
3  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
4  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5        Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
6  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
7  complaint be complete in itself without reference to any prior pleading.  This is because, as a
8  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
9  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
10 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
11 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

12       **V.    Plain Language Summary for Pro Se Party**

13       The following information is meant to explain this order in plain English and is not
14 intended as legal advice.

15       Some of the allegations in the complaint state claims for relief against the defendants, and
16 some do not.  You must decide if you want to (1) proceed immediately on the Eighth Amendment
17 claim found cognizable against unknown officers 1 through 10 of the Sacramento County
18 Sheriff's Department; or, (2) amend the complaint to fix the problems identified in this order with
19 respect to the remaining claims.  **Once you decide, you must complete the attached Notice of**
20 **Election form by checking only one box and returning it to the court.**

21       Once the court receives the Notice of Election, it will issue an order telling you what you
22 need to do next.  If you do not return this Notice, the court will order service of the complaint
23 only on the Eighth Amendment claim found cognizable in this screening order and will
24 recommend dismissing the remaining claims.

25       In accordance with the above, IT IS HEREBY ORDERED that:
26       1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.
27       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
28 shall be collected and paid in accordance with this court's order to the Director of the California

1  Department of Corrections and Rehabilitation filed concurrently herewith.

2      3. Plaintiff has the option to proceed immediately on the Eighth Amendment deliberate indifference claim against unknown officers 1 through 10 of the Sacramento County Sheriff's Department.  In the alternative, plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining claims.

    4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

    5. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claim identified above.

    6. Plaintiff's request for an order for limited discovery to identify the defendants in this action (ECF No. 3) is deferred until the court has received the attached Notice of Election identifying how plaintiff chooses to proceed.

Dated: January 21, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/pava1693.option.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENRICO PAVAO,

    Plaintiff,

v.

UNKNOWN,

    Defendant.

No. 2:20-CV-01693-TLN-CKD

NOTICE OF ELECTION

**Check only one option:**

\_\_\_\_\_  Plaintiff wants to proceed immediately on the deliberate indifference claim against unknown officers 1 through 10 of the Sacramento County Sheriff's Department. Plaintiff voluntarily dismisses the remaining claims.

\_\_\_\_\_  Plaintiff wants time to file a first amended complaint.

DATED:

                                                  _____
                                                     Plaintiff