UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRICO PAVAO,<br><br>    Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>    Defendant. | No. 2:20-cv-1693 CKD P<br><br>ORDER |

Plaintiff is a former county inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 21, 2021, the court screened plaintiff's complaint and gave him the choice of proceeding immediately on the Eighth Amendment claim against defendants or amending his complaint to attempt to cure the deficiencies with respect to the remaining claims. Plaintiff filed a notice of election indicating his desire to file an amended complaint. The court will grant plaintiff thirty days to file an amended complaint.

In light of plaintiff's decision to amend his complaint, the court will deny his ex parte application for limited discovery as premature. A discovery and scheduling order will issue only if the court finds that service of plaintiff's amended complaint is appropriate. See 28 U.S.C. § 1915A(a).

Plaintiff has also requested that the court appoint counsel. District courts lack authority to

require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

2. Plaintiff's ex parte application for limited discovery (ECF No. 3) is denied as premature.

3. Plaintiff's request for the appointment of counsel (ECF No. 20) is denied without prejudice.

Dated: February 25, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/pava1693.36+motion.docx